## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

No. 336
### LATHROP v. KILBURY
Ohio Court of Appeals, Lucas County
No. 87604. March 26, 1923

This opinion has not been published except in Abstract.

ASSESSMENTS—(1) Method proper under circumstances—(2) GC. Sec. 6919 is not exclusive, as conditions may prevent the use of such a method—(3) Authority of court to change assessment.

KINKADE, J.

Epitomized Opinion

Plaintiff brought an action in Common Pleas Court to restrain the collection of an assessment which was made according to benefits by the County Commissioners upon the lands of plaintiff for the construction of a road running from Sylvania to Berkey. The plaintiffs claimed in their petition that the assessment was void by reason of the failure of the commissioners to follow the provisions of the statute in fixing the assessment. The defendants filed a general denial. As consideration complaints were made about the assessments a special commissioner was appointed to hear the evidence and to report his conclusions of fact and law separately. The road in question was within half a mile of the Michigan state line on one side. As neither the defendants or plaintiffs were satisfied with these findings exceptions were filed thereto and motions for rehearing. The case was heard in the Court of Common Pleas where the findings of the commissioner were sustained in part and overruled in part. Both parties then prosecuted error to the Court of Appeals. In modifying the judgment of the Common Pleas Court, the Court of Appeals held:

1. Method used in arriving at an equitable adjustment of cost of the improvement was proper considering all the circumstances of the case.

2. Although Sec. 6919 provides that the improvement must follow the central thread of the assessment zone, the Legislature did not intend that no road improvement could be made where it was impossible to have an assessment zone with an equal amount of proptrey on each side of the improvement.

3. The court is only authorized to change an assessment made by public officials that has been made which is clearly and manifestly apparent from the evidence that an injustice has resulted to the property owners; and as no such injustice appears to have been done here, the assessment was proper.

Attorneys—Geer & Lane, for Lathrop; Stuart and Commager, for Kilbury.

No. 337
### HENRY v. WEST SALEM EQUITY EXCHANGE CO.
Ohio Court of Appeals, Wayne County
No. 750. Feb. 23, 1923

This opinion has not been published except in Abstract.

GARNISHEE—(1) Action against garnishee maintainable where he disobeys magistrate's order—(2) Garnishee not bound my magistrate's order—(3) Defense by garnishee.

FUNK, P. J.:

Epitomized Opinion

On Aug. 1, 1921, Ekey brought suit on an account against Henry before the mayor of West Salem. The West Salem Exchange Co. was served as garnishee. Long before this suit was brought Henry had given two chattel mortgages to various parties, one for $60 and one for $151.25, covering among other things certain wheat in the ground. Two days before the commencement of the garnishee proceedings, Henry advised The Exchange Co. to apply the proceeds from the sale of certain grain which he was about to deliver to The Exchange Co. on these mortgages and turn over the remainder to him. On the day on which the garnishee was brought, two wagon loads of wheat were delivered to The Exchange Co. and another load delivered on Aug. 3rd. The value of the three loads amounted to $223.37. Henry confessed judgment in the mayor's court in favor of Ekey for $125.17, and on the same day his wife filed an application for the money in the hands of garnishee to be paid to her in lieu of a homestead. The mayor ordered the garnishee to pay the $223.37 to Mrs. Henry. Instead of doing this the garnishee paid the amount due on the chattel mortgages and tendered the $4.57 remaining to the mayor. Mrs. Henry then commenced a separate suit before the mayor to recover $223.37 from the garnishee for its failure to obey the orders of the mayor's court. Plaintiff obtained a default judgment. Thereupon The Exchange Co. appealed to the common pleas court. Plaintiff recovered a judgment for $4.57 in the common pleas court. Plaintiff then prosecuted error to the Court of Appeals. In affirming the judgment of the common pleas court the Court of Appeals held:

1. Where a magistrate finds a wife entitled to homestead exemption out of funds in the hands of garnishee, upon the refusal of a garnishee to turn over funds, the wife can maintain a separate action against such garnishee to determine her rights.

2. Under Gen. Code 10,276, a garnishee is not bound by the order of a magistrate's court in attachment and the only way such order in attachment can be enforced against a garnishee is by a separate action brought against the garnishee.

3. The garnishee can set up any defense he may have in an action against him for not obeying an order of the magistrate's court.

Attorneys—Market, for Henry; Keeler, for West Salem Equity Exchange Co.

No. 338
### MAKRANCZY v. GELFAND, Admr.
Ohio Court of Appeals, Eighth Dist.
No. 4279. March 26, 1923

This opinion has not been published except in Abstract.

ERROR—None found to warrant reversal of judgment.

Vickery, Sullivan and Levine, JJ.

PER CURIAM.

Error to Cuyahoga Common Pleas
Judgment Affirmed

A judgment of $2,000 was rendered in the Common Pleas in favor of defendant in error, who had sued as the administrator of his daughter who was killed in an automobile accident. Many errors are alleged why the judgment should be reversed, but we have gone through the record, and heard the arguments of counsel, but do not find any error that will warrant us in reversing the judgment.

Attorneys—Quigley & Byrnes, for Makranczy; Vickery & Vickery, Contra.